**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| Hannah Keeton, <br> individually and on behalf of all others similarly situated; <br> Plaintiff, <br><br> -v.- <br> NCB Management Services, Inc.; <br><br> Defendant. | **C. A. No.:** <br><br> **CLASS ACTION COMPLAINT** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff Hannah Keeton ("Plaintiff") brings this Class Action Complaint by and through her attorneys, against the Defendant NCB Management Services, Inc. ("NCB" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.  The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Alabama consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Alabama, County of Jefferson.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service of process located at c/o The Corporation Company, 2000 Interstate Park Drive, Montgomery, Alabama 36109.

9. Upon information and belief, Defendant is a company that uses the mail, telephone and facsimile, and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of Alabama;

    b. to whom the Defendant made collection phone calls;

    c. attempting to collect a consumer debt;

    d. which calls exceeded seven made within a seven-consecutive-day period; and

    e. which calls were made on or after the CFPB Regulation F took effect on November 30, 2021 and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendant's telephonic communications with consumers, as described above, violate 15 U.S.C. § 1692d, et seq.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's telephonic communications with consumers, as described above, violate 15 U.S.C. § 1692d, et seq.

   c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Plaintiff Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class

members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

 e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above paragraphs as if set forth here.

20. Some time prior to June 14, 2022, Plaintiff allegedly incurred an obligation to a nonparty creditor, Santander Bank N.A. ("Santander").

21. The obligation allegedly arose out of a transaction involving a debt in which money, property, insurance or services, that are the subject of the transaction(s), were incurred primarily for personal, family, or household purposes.

22. The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

23. Upon information and belief, Santander contracted with the Defendant to collect the alleged debt.

24. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – June 14-20, 2022 Collection Calls*

25. Between June 14, 2022 and June 20, 2022, Defendant initiated eight (8) collection calls (collectively, the "Calls") to the Plaintiff.

26. Specifically, one (1) collection call was made *every morning* from June 14th through June 17th and four (4) collection calls were made on June 20th.

27. Defendant called the Plaintiff with excessive frequency with the intent to intrude upon the Plaintiff's private life, unsettle the Plaintiff's nerves with intimidation tactics and ultimately bend her to its will.

28. Pursuant to 15 U.S.C. § 1692d "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section … (5) [c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Thus, the frequency of the Calls violates 15 U.S.C. § 1692d, so long as they were made, as Plaintiff hereby contends, with the intent to "annoy, abuse, or harass," and as will be discussed below, Regulation F creates a presumption of such intent.

30. Pursuant to 15 U.S.C. § 1692l(d) "Except as provided in section 1029(a) of the Consumer Financial Protection Act of 2010 (12 U.S.C. 5519(a)), the Bureau may prescribe rules with respect to the collection of debts by debt collectors, as defined in this subchapter."

31. Accordingly, the CFPB prepared and issued rules prescribed under 12 CFR § 1006, commonly referred to as Regulation F.

32. 12 CFR § 1006.1 provides:

(a) *Authority*. This part, known as Regulation F, is issued by the Bureau of Consumer Financial Protection pursuant to section 814(d) and 817 of the Fair Debt Collection Practices Act (FDCPA or Act), 155 U.S.C. 1692/(d), 1692o; title X of the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act), 12 U.S.C. 5481 *et seq.*; and paragraph (b)(1) of section 104 of the Electronic Signatures in Global and National Commerce Act (E-SIGN Act), 15 U.S.C. 7004.

(b) *Purpose.* This part carries out the purposes of the FDCPA, which include eliminating abusive debt collection practices by debt collectors, ensuring that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promoting consistent State action to protect consumers against debt collection abuses. This part also prescribes requirements to ensure that certain features of debt collection are disclosed fully, accurately, and effectively to consumers in a manner that permits consumers to understand the costs, benefits, and risks associated with debt collection in light of the facts and circumstances.

(c) *Coverage.*

  a. Except as provided in § 1006.108 and appendix A of this part regarding applications for State exemptions from the FDCPA, this part applies to debt collectors, as defined in § 1006.2(i), other than a person excluded from coverage by section 1029(a) of the Consumer Financial Protection Act of 2010, title X of the Dodd-Frank Act (12 U.S.C. 5519(a)).

      b.  Section 1006.34(c)(2)(iii) and (3)(iv) applies to debt collectors only when they are collecting debt related to a consumer financial product or service as defined in § 1006.2(f).

33. Under Regulation F, there are presumptive call frequency limits.

34. Specifically, pursuant to Regulation F § 1006.14(b), a debt collector is presumed to have violated both Regulation F and FDCPA § 1692(d)(5) if a "debt collector places a telephone call to a particular person in connection with the collection of a particular debt … more than seven times within seven consecutive days..."

35. The Regulation F Official Interpretations also provide examples of circumstances where the debt collector does not comply with Regulation F § 1006.14(b)(2), and is thus presumed to violate FDCPA § 1692d(5) and Reg. F § 1006.14(b)(1)'s prohibition on repeated or continued calls.

36. One such example involves a collector that places eight calls in a seven-day period, including one call where the collector left a limited-content message. See Reg. F Official Interpretations § 14(b)(2)(ii)-1(i) ("On Wednesday, April 1, a debt collector first attempts to communicate with a consumer in connection with the collection of a mortgage debt by placing a telephone call and leaving a limited-content message. On each of the next three business days (i.e., on Thursday, April 2, Friday, April 3, and Monday, April 6), the debt collector places two additional telephone calls to the consumer about the debt, all of which go unanswered. On Tuesday, April 7, the debt collector places an additional telephone call to the consumer about the debt. The debt collector has placed a total of eight telephone calls to the consumer about the debt during the seven-day period starting Wednesday, April 1. None of the calls was subject to the exclusions in § 1006.14(b)(3).").

37. Accordingly, Plaintiff not only alleges that the Defendant made excessive Calls with the intent to annoy, abuse or harass, Regulation F presumes that the Calls were made with such intent in violation of both Regulation F and the FDCPA.

38. Additionally, Defendant's Calls successfully caused the Plaintiff emotional distress, including but not limited to, fear, anxiety, stress and restlessness.

39. Plaintiff's emotional distress manifested itself physically in the form of lost sleep.

40. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

41. In response to the Calls, Plaintiff expended time and money in an effort to mitigate the risk of future emotional and physical harm in the form of further intrusion upon the Plaintiff's right to seclusion.

42. Moreover, in response to the Calls, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

43. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

44. The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

45. As it relates to this case, the common-law analogues are to the traditional torts of intrusion upon seclusion, intentional infliction of emotional distress and conversion.

46. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

47. Plaintiff is entitled to enjoy her seclusion and be protected from excessive invasions of privacy, as required by the FDCPA and Regulation F.

48. Defendant failed to restrain itself from excessive collection Calls, and in fact, intended to harass the Plaintiff with great success.

49. These violations by the Defendant were knowing and willful, and the Defendant did not maintain procedures reasonably adopted to avoid such violations.

50. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not be abused or treated unfairly with respect to any action for the collection of any consumer debt.

51. As a result of the Defendant's abusive debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692d *et seq.*

52. Plaintiff repeats the above allegations as if set forth here.

53. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692d.

54. Pursuant to 15 U.S.C. § 1692d "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section … (5) [c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

55. Defendant violated said section by:

    a. Making collection Calls to the Plaintiff more than seven times within seven consecutive days with the intent to harass, oppress or abuse, as described above, in violation of §§ 1692d and §§ 1692d(5); and

    b. Making excessive collection Calls to the Plaintiff amounting to four within the same day with the intent to harass, oppress or abuse, as described above, in violation of §§ 1692d.

56. Furthermore, pursuant to Regulation F, Defendant's intent to annoy, abuse or harass is presumed as a result of the volume of the Calls, alone.

57. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692d, et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

58. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Hannah Keeton, individually and on behalf of all others similarly situated, demands judgment from the Defendant NCB as follows:

    i. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned counsel, as Class Counsel;

    ii. Awarding the Plaintiff and the Class statutory damages;

    iii. Awarding the Plaintiff and the Class actual damages;

    iv. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v.      Awarding pre-judgment interest and post-judgment interest; and

vi.     Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: October 25, 2022                    Respectfully submitted,

<u>/s/ David I. Schoen</u>
By: David I. Schoen, Esq.,
Alabama Bar No. 0860-O42D
2800 Zelda Road, Suite 100-6
Montgomery, AL, 36106
Phone: 334-395-6611
Fax: 917-591-7586
Email: Schoenlawfirm@gmail.com
*Attorney for Plaintiff*